UNITED STATED DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

CASE NO. 5:19-cv-248

NOLAND'S ROOFING, INC. a/a/o
RUBEN LAUREL,

    Plaintiff,
vs.

VOYAGER INDEMNITY INSURANCE
COMPANY,

    Defendant.
_____/

**DEFENDANT VOYAGER INDEMNITY INSURANCE COMPANY'S
<u>NOTICE OF REMOVAL</u>**

Defendant Voyager Indemnity Insurance Company ("Voyager Indemnity"), pursuant to 28 U.S.C. §§ 1446 and 1332, files this Notice of Removal and removes to the United States District Court an action which is pending in the Circuit Court of the Fourteenth Judicial Circuit, in and for Jackson County, Florida. The facts and legal authority supporting this Notice of Removal are as follows:

**A.  <u>BACKGROUND & CONDITIONS OF REMOVAL</u>**

    1.    On June 13, 2019, Plaintiff, Noland's Roofing, Inc. ("Plaintiff") as the purported assignee of Ruben Laurel, filed this civil action against Assurant

1

Insurance Agency, Inc. in the Circuit Court of the Fourteenth Judicial Circuit in and for Jackson County, Florida, Case Number 19-CA-286. The Complaint was served on Assurant Insurance Agency on June 27, 2019.

2. On July 23, 2019, Plaintiff filed an Amended Complaint which dismissed Assurant Insurance Agency, Inc., and named Voyager Indemnity Insurance Company as a Defendant. Voyager Indemnity accepted service of the Amended Complaint through undersigned counsel on July 23, 2019. Plaintiff has alleged three causes of action against Voyager Indemnity for violation of an assignment, violation of a direction of payment, and a declaratory action. *See* Plaintiff's Amended Complaint attached hereto as part of **Composite Exhibit "1."** Plaintiff alleges that it has an assignment of benefits for a claim located at 4285 Lafayette St., Marianna, FL 32246 (the "Property"), which is the subject matter of this lawsuit. Id. Plaintiff has sued Voyager Indemnity for damages and declaratory relief allegedly arising out of this purported assignment. Id.

3. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of any of Voyager Indemnity's rights to assert any defenses or affirmative claims, including a counterclaim.

4. This Notice of Removal is being timely served and filed within the time allotted under 28 U.S.C. § 1446(b). Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of all process and pleadings served as of this date is attached

hereto as **Composite Exhibit "1."** Voyager Indemnity has timely filed this removal within 30 days from the date of service of the Amended Complaint.

5. This action is not a non-removable action as described under 28 U.S.C. § 1445.

6. In accordance with 28 U.S.C. § 1446(d), contemporaneously with the filing of this Notice of Removal, Voyager Indemnity is serving Plaintiff with a copy of this Notice of Removal and is filing a Notice of Filing of Notice of Removal with the Clerk of the Court for Jackson County, Florida.

### B. LEGAL STANDARD

7. Pursuant to 28 U.S.C. §1441(a), "any civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant … to the district court of the United States for the district and division embracing the place where such action is pending."

8. Pursuant to 28 U.S.C. § 1332, the district courts have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

9. This Court has original jurisdiction under 28 U.S.C. § 1332 because there is complete diversity of citizenship between Plaintiff (which is a citizen of

Florida) and Defendant (Voyager Indemnity is a citizen of Georgia), and the amount in controversy is in excess of $75,000.

## DIVERSITY OF CITIZENSHIP EXISTS

10. Plaintiff is a Florida corporation with its principal place of business located at 1295 W Hwy 50, Clermont, Florida 34711. *See* printout from Florida Department of State, Division of Corporations' website, a true and correct copy of which is attached hereto as **Exhibit "2"**.

11. Voyager Indemnity is a Georgia corporation with its principal place of business located at 260 Interstate North Cir. SE, Atlanta, Georgia 30339. *See* printout from Georgia Corporations Division's website, Office of the Georgia Secretary of State, a true and correct copy of which is attached hereto as **Exhibit "3"**.

12. Venue is proper in the United States District Court for the Northern District of Florida because the case is being removed from the Circuit Court of the Fourteenth Judicial Circuit in and for Jackson County, Florida.

## THE AMOUNT IN CONTROVERSY IS MET

13. On or about February 8, 2019 prior to the filing of this lawsuit, Plaintiff provided Voyager Indemnity with its purported assignment of benefits and estimate of damages totaling $180,732.18. A true and correct copy of

4

Plaintiff's February 8, 2019 e-mail and estimate are attached hereto as **Composite Exhibit "4."**

14. Plaintiff's Amended Complaint alleges that it was paid nothing. *See* Amended Complaint ¶¶ 16, 21, 32 (alleging "Defendant's refusal to pay Plaintiff.").

15. The jurisdictional amount in controversy of $75,000 is therefore met. *See Vigoa v. Bank of Am., N.A.,* No. 07-23108-CIV, 2008 U.S. Dist. LEXIS 128689, at *4 (S.D. Fla. Mar. 10, 2008) (a settlement letter can constitute an "other paper" justifying removal under § 1446 (b)); *Martin v. Mentor Corp.*, 142 F. Supp. 2d 1346, 1349 (M.D. Fla. 2001) ("Defendants may use a variety of documents, including a written settlement demand, as an "other paper" under 28 U.S.C. § 1446(b) to determine if the case is removable").

### C. CONCLUSION

16. As complete diversity and the jurisdictional amount have been met, this action is removable pursuant to 28 U.S.C. § 1332.

**WHEREFORE**, Defendant Voyager Indemnity Insurance Company respectfully requests that the aforesaid action now pending in the Circuit Court of the Fourteenth Judicial Circuit be removed to this Honorable Court.

Dated July 26, 2019

Respectfully Submitted,
**SHUTTS & BOWEN LLP**
*Attorneys for Defendant, VOYAGER INDEMNITY INSURANCE COMPANY*
200 East Broward Boulevard
Suite 2100
Fort Lauderdale, FL 33301
Telephone: (954) 524-5505
Facsimile: (954) 524-5506

By: s/Daniel R. Lazaro
 Sara Levy, Esq.
 Florida Bar No. 23767
 Email: slevy@shutts.com
 Daniel R. Lazaro, Esq.
 Florida Bar No. 99021
 Email: dlazaro@shutts.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 26th day of July, 2019, a true and correct copy of the foregoing has been furnished *via* CM/ECF to: Tyler J. Chasez, Esq., Hale, Hale & Jacobson, PA, 2876 S. Osceola Ave, Orlando, FL 32806 tyler@hhjlegal.com; alexis@hhjlegal.com.

By: s/Daniel R. Lazaro
 Daniel R. Lazaro

FTLDOCS 7731432 1